# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LORRAINE E. RILEY; ROBERT M. BROWN; DAWN BROWN; AND THE BROWN FAMILY TRUST,<br><br>   Plaintiffs,<br><br>   vs.<br><br>GREENPOINT MORTGAGE FUNDING, INC.; MARIN CONVEYANCING CORP.; DLJ MORTGAGE CAPITAL, INC.; SELECT PORTFOLIO SERVICING, INC.; AND QUALITY LOAN SERVICE CORP.,<br><br>   Defendants. | Case No.: 2:10-cv-1873-RLH-RJJ<br><br>**O R D E R**<br><br>(Motion for Temporary Restraining Order–#5) |

   Before the Court is Plaintiffs Lorraine E. Riley, Robert M. Brown, Dawn Brown, and the Brown Family Trust's **Motion for Temporary Restraining Order** ("TRO") (#5), filed October 26, 2010.  Plaintiffs filed this motion *ex parte*.

### BACKGROUND

   The following facts are as alleged by the Plaintiffs.  Plaintiffs own the real property located at 8217 Old Cistern Court in Las Vegas, Nevada.  Plaintiffs sought a loan modification on this property several times after having missed mortgage payments.  At some point while they

1

AO 72
(Rev. 8/82)

were awaiting a determination on their loan modification application, Plaintiffs made four sporadic payments during a trial period. On June 24, 2010, Select Portfolio Servicing, Inc. denied Plaintiffs' modification application because it determined that Plaintiffs did not use the property as their primary residence, which Plaintiffs dispute. Eventually, Defendants issued a Notice of Breach and Default and of Election to Cause Sale of Real Property Under Deed of Trust. On March 29, 2010, Quality Loan Service Corp. recorded a Notice of Trustee's Sale for April 21, 2010, which was later postponed.

Plaintiffs commenced this case in the Eighth Judicial District Court of the State of Nevada ("state court") on September 2, 2010. Plaintiffs claim that the state court issued a TRO impeding Defendants from foreclosing through October 27. However, Plaintiffs did not provide the state court TRO to this Court. On October 25, Defendant Greenpoint Mortgage Funding, Inc. removed this case before the state court could hold a hearing on Plaintiffs' motion for a preliminary injunction, which was scheduled for October 27. Plaintiffs then filed the instant *ex parte* TRO motion before this Court on October 26. For the reasons discussed below, the Court denies Plaintiffs' motion.

**DISCUSSION**

**I.      TRO Motion**

Under Rule 65(b) of the Federal Rules of Civil Procedure, plaintiffs seeking a temporary restraining order must establish: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008). Applying *Winter*, the Ninth Circuit has since held that, to the extent previous cases suggested a lesser standard, "they are no longer controlling, or even viable." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009). Thus, a party must satisfy each of these four requirements.

/

**A.     *Ex Parte* Relief**

Rule 7-5 of the Local Rules of Practice states, "[a]ll *ex parte* motions, applications, or requests shall contain a statement showing good cause why the matter was submitted to the court without notice to all parties, [and] [a]ll *ex parte* matters shall state the efforts made to obtain a stipulation and why a stipulation was not obtained." Furthermore, the standard for obtaining ex parte relief under Rule 65 is very stringent. *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). The Court will only issue an *ex parte* TRO where it appears there would be an irreparable injury before the responding party can be heard and where the party has made the proper certifications. Fed. R. Civ. P. 65(b)(1). In reality, a TRO is a temporary preliminary injunction issued for a limited period of time until the time when the opposing party has an opportunity to be heard. Rule 65's stringent restrictions on *ex parte* relief "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438–39 (1974).

**B.     Analysis**

Plaintiffs did not satisfy the requirements of Rule 7-5 or Rule 65(b)(1)(B) applicable to *ex parte* motions. Plaintiffs' motion does not make any statement regarding why the motion was brought *ex parte* or as to any good cause for doing so. Further, the motion does not address Plaintiffs' efforts to obtain a stipulation or reasons why one was not obtained. The Court notes that a hearing on Plaintiffs' motion for preliminary injunction was to occur in the state court two days after Defendants removed. Plaintiffs have not given any reason why this Court should now deprive Defendants of their opportunity to be heard as they would have been afforded by the state court. The Court also finds that Plaintiffs have not met the stringent requirements of Rule 65. Without a scheduled or impending sale, the mere exposure to foreclosure will not satisfy the immediate harm required for a TRO to issue. For these reasons, the Court denies Plaintiffs' motion.

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiffs Motion for Temporary Restraining Order (#5) is DENIED.

IT IS FURTHER ORDERED that the Clerk of the Court shall unseal this motion as Plaintiff failed to comply with the *ex parte* requirements of Local Rule 7-5.

Dated: October 27, 2010.

_____
**ROGER L. HUNT**
**Chief United States District Judge**