# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LORRAINE E. RILEY; ROBERT M. BROWN; DAWN BROWN; AND THE BROWN FAMILY TRUST,<br><br>       Plaintiffs,<br><br>vs.<br><br>GREENPOINT MORTGAGE FUNDING, INC.; MARIN CONVEYANCING CORP.; DLJ MORTGAGE CAPITAL, INC.; SELECT PORTFOLIO SERVICING, INC.; and QUALITY LOAN SERVICE CORP.,<br><br>       Defendants. | Case No.: 2:10-cv-1873-RLH-RJJ<br><br>**O R D E R**<br><br>(Motion for Dismiss and Expunge Lis Pendens–#19; Motion to Dismiss–#23) |

   Before the Court is Defendants DLJ Mortgage Capital, Inc. ("DLJ Mortgage") and Select Portfolio Servicing, Inc.'s ("Select Portfolio") **Motion to Dismiss and Expunge Lis Pendens** (#19, filed Dec. 16, 2010) for failure to state a claim.  The Court has also considered Plaintiffs Lorraine E. Riley, Robert M. Brown, Dawn Brown, and the Brown Family Trust's Opposition (#21, filed Jan. 10, 2011), and DLJ and Select's Reply (#32, filed Feb. 2, 2011). Defendant Quality Loan Service Corp. ("Quality Loan") joined this motion.

   Also before the Court is Defendant Greenpoint Mortgage Funding, Inc.'s ("Greenpoint") **Motion to Dismiss** (#23, filed Jan. 14, 2011).  The Court has also considered

1

AO 72
(Rev. 8/82)

Plaintiffs' Opposition (#34, filed Feb. 7, 2011), and Greenpoint's Reply (#36, filed Feb. 22, 2011). Defendants DLJ Mortgage, Select Portfolio, and Quality Loan joined this motion.

## BACKGROUND

This dispute arises out of a mortgage loan transaction and the subsequent default on that loan. In June of 2006, Lorraine E. Riley borrowed $375,200 from Greenpoint to purchase the property at 8217 Old Cistern Court, Las Vegas, Nevada (the "Property"). This loan was secured by a deed of trust (the "Deed of Trust"), (Dkt. #20, Request for Judicial Notice ("RJN") Ex. 1), against the Property, which was recorded in the Clark County Recorder's Office on June 13. Soon after Riley purchased the Property, title to it was transferred multiple times. On August 8, Dawn Brown transferred title to the Property from Riley to herself and Riley under her durable power of attorney for Riley. (Dkt. #21, Resp. Ex. 1, Durable Power of Attorney; Dkt. #20, RJN Ex. 11, Quitclaim Deed.) On November 5, Dawn Brown transferred Riley's remaining interest solely to herself under the same power of attorney. (Dkt. #20, RJN Ex. 12, Grant, Bargain and Sale Deed.) On December 20, Dawn Brown transferred the Property to the Brown Family Living Trust. (*Id.*, Ex. 14, Grant, Bargain, and Sale Deed.)

Riley filed bankruptcy on April 7, 2007, and then died on April 11. Plaintiffs do not allege that any probate of her estate occurred. On December 29, 2008, DLJ Mortgage, as beneficiary of the Deed of Trust, obtained relief from the automatic stay from the Bankruptcy Court. (*Id.*, RJN Ex. 5, Order for Relief.) As the Property was in default under the terms of the loan, DLJ Mortgage then had Quality Loan record a Notice of Default against the Property on February 18, 2009. On March 29, 2010, Quality Loan recorded a Notice of Trustee's Sale.

On September 2, Plaintiffs filed suit in the Eighth Judicial District Court for the State of Nevada. Defendants removed the case to this Court on October 25. Plaintiffs then amended their complaint asserting claims for: (1) violation of NRS § 107.080, (2) fraud in the inducement, (3) unjust enrichment, (4) breach of the covenant of good faith and fair dealing and/or interference with contractual relations, (5) slander of title, and (6) abuse of process. Now before

2

AO 72
(Rev. 8/82)

the Court are two separate motions to dismiss filed by the Defendants. For the reasons discussed below, the Court grants the motions.

**DISCUSSION**

**I.     Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

3

The "documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached'" to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 2002) (superseded by statute on other grounds) (quoting *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994)). Also, "on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." *Mack v. South Bay Beer Distribs., Inc*., 798 F.2d 1279, 1282 (9th Cir. 1986).

## II.   Analysis

The Defendants in this case bring two separate motions to dismiss. First, DLG Mortgage and Select Portfolio bring one motion which Quality Loan joined, and second, Greenpoint brings a separate motion which DLJ Mortgage, Select Portfolio, and Quality Loan all joined. As the motions are sufficiently similar, the Court will discuss them together as one motion.

### A.   Standing to Assert Claims Based on the Contract

Dawn Brown, Robert Brown, and the Brown Family Trust lack standing to bring claims on behalf of Lorraine Riley because Riley is dead and they do not allege that they are the executors of Riley's estate. Fed. R. Civ. P. 17(a) requires that lawsuits be brought by the real party in interest with certain exceptions for executors, trustees, etc. Here, the Browns bring suit on their own behalf and, apparently, on behalf of the Brown Family Trust for which they are trustees, but also for Riley, who is dead. The Browns, however, do not allege that they are the executors of Riley's estate or give any other explanation as to how they believe they may bring claims unique to Riley, who cannot bring the claims as she is dead. Therefore, neither the Browns nor the Brown Family Trust have standing to bring any claims on Riley's behalf. *See Wells v. Bank of Nev.*, 522 P.2d 1014, 1017-18 (Nev. 1974) ("Controversies arising under an agreement properly are to be determined and settled by parties to the agreement or their assigns, that is, by those who have legal

4

rights or duties thereunder."); *see also Johnson v. Whipple*, 578 P.2d 1189, 1190 (Nev. 1978). (The Browns and their trust cannot challenge the contract merely because they have obtained title to the property through separate arrangements.)  Therefore, the Court dismisses the fraud in the inducement and breach of the covenant of good faith and fair dealing claims as only Riley had a contract with any of the Defendants and therefore these claims may only be asserted by the executor of Riley's estate.

Defendants also make a similar argument that Plaintiffs are judicially estopped from making their other claims due to Riley's and Robert Brown's bankruptcy disclosures.  The Court need not address this argument however as each of the other claims fails regardless.

**B.    Wrongful Foreclosure or Violation of NRS § 107.080**

Plaintiffs claim that Defendants violated NRS § 107.080 by not providing the exact amount of arrears in the notice of default and that the parties that filed the notice were not authorized to do so.  Plaintiffs, however, rely on inflammatory and hyperbolic language more than actual argument and legal citation.  NRS § 107.080(3) states that a notice of default must include a description of the "deficiency in performance or payment."  Plaintiffs acknowledge that no Nevada court has ruled on the extent to which the deficiency must be described, but Plaintiffs claim that the Nevada legislature intended that a notice of default tell the homeowner "exactly what must be paid in order to cure the default and stay the foreclosure."  (Dkt. #21 Resp.)  Plaintiffs provide no citations to support their interpretation of the law.  The Court notes that the notice of default did not include the dollar amount that Plaintiffs were behind on the debt, however, it did include a phone number and address which Plaintiffs could use to obtain that information.  The Court must, therefore, determine whether this notice is substantially compliant with the requirements of NRS § 107.080.  NRS § 107.080(5)(a).  The Court holds that this notice is substantially compliant with NRS § 107.080 because the notice describes the type of default, failure to pay on the mortgage, and provided Plaintiffs with a simple means of determining the amount in arrears.

5

Plaintiffs also contend that DLJ Mortgage, Select Portfolio, and Quality Loan did not have authority to foreclose on the property. First, Plaintiffs contend that DLJ Mortgage and Select Portfolio are strangers to the Deed of Trust. Second, Plaintiffs contend that Quality Loan, the entity that recorded the Notice of Default, was not substituted as trustee until two days after it had recorded the notice. To address Plaintiffs' fist contention, Defendants provide a properly recorded and notarized Corporate Assignment of Deed of Trust, (Dkt. #24, RJN Ex. K), which shows that MERS assigned DLJ Mortgage this Deed of Trust and that Select Portfolio is DLJ Mortgage's attorney in fact. Therefore, DLJ Mortgage had authority to record the notice of default. As to the second argument, it is illogical to infer from these facts that Quality Loan was not an agent of DLJ Mortgage until it was technically substituted as trustee. Therefore, as agent of a party who could initiate foreclosure proceedings, Quality Loan also had authority to record the notice of default and initiate foreclosure proceedings and did not violate NRS § 107.080.

Plaintiffs also fail to plead the essential element for wrongful foreclosure, that the loan was not in default, *Bray v. M&I Bank*, No. 2:09-cv-02417-KJD-RJJ, 2010 WL 3526297 at *5 (D. Nev. Sept. 2, 2010), and misinterpret the law by claiming that the use of MERS somehow invalidated the note and Deed of Trust or made the note an unsecured debt, *see Kwok v. Recontrust Co. N.A.*, No. 2:09-cv-02298-RLH-LRL, 2010 WL 4810704 at *4 (D. Nev. Nov. 19, 2010). Finally, Defendants were not required to include mediation documents as they recorded the Notice of Default before the effective date of the statute requiring mediation documents. Assembly Bill No 149 sec. 4 (NV. 2009) ("This act becomes effective on July 1, 2009"). For all of the above reasons, the Court dismisses Plaintiffs' wrongful foreclosure/violation of NRS § 107.080 claim.

/
/
/
/
/

### C. Remaining Claims

Plaintiffs' remaining claims fail because Plaintiffs did not substantively oppose Defendants' motions[1] as regards these claims, the claims were dependent on the Note and Deed of Trust being void, or the claims are based on faulty legal reasoning.

#### i. Unjust Enrichment

Plaintiffs unjust enrichment claim fails as Riley had an express contract requiring payment on her mortgage to avoid default and foreclosure. *See Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) ("An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement."). Plaintiffs expressly argue that "[t]he basis for Plaintiffs' claim that the Defendants well be unjustly enriched is that the contracts are void or voidable." Since Plaintiffs do not have standing to challenge Riley's contracts, they cannot be deemed void or voidable and Plaintiffs' claim necessarily fails. Therefore, the Court dismisses this claim.

#### ii. Interference with Contractual Relations

Plaintiffs interference with contractual relations claim also fails. Even though Plaintiffs paid part of Riley's mortgage, they were not party to the Note or Deed of Trust. Therefore, the Court dismisses Plaintiffs' interference with contractual relations claim because the Browns did not have a contract with any of the Defendants, much less a contract with a third party with which the Defendants interfered. *See J.J Industries, LLC v. Bennet*, 71 P.3d 1264, 1268–69 (explaining that a plaintiff must show that the defendant intended to induce a third party to breach its contract with the plaintiff). Accordingly, the Court dismisses this claim.

---

[1] Plaintiffs failed to oppose the portion of Greenpoint's motion claiming that multiple claims were not alleged against Greenpoint. However, since the Court dismisses all claims, the Court need not address this issue directly. Also, while Plaintiffs technically opposed each portion of DLG Mortgage and Select Portfolio's motion, as to many claims they did so without a single legal citation. Nonetheless, the Court declines to dismiss the claims on the grounds of Local Rule 7-2(d) and addresses each of Plaintiffs' claims.

### iii. Slander of Title

Plaintiffs' slander of title claim fails because it relies on Plaintiffs' faulty MERS argument and its faulty argument that none of the Defendants had authority to foreclose upon the Property. Defendants did not slander Plaintiffs' title because the Deed of Trust was in default and Defendants were legally entitled to record a Notice of Default and Notice of Trustee's Sale. Therefore, the Court dismisses Plaintiffs' slander of title claim.

### iv. Abuse of Process

Plaintiffs' abuse of process claim fails because DLJ Mortgage was entitled to initiate non-judicial foreclosure upon default and because this is not the type of process addressed by the abuse of process tort. *See e.g.*, *Meadows v. Bakersfield Sav. & Loan Assn*, 250 Cal. App. 2d 749, 753 (holding that recording a notice of default pursuant to the terms of a deed of trust is not "process" as it is not action taken pursuant to court authority either directly or by ancillary proceedings). Accordingly, the Court dismisses this claim.

### D. Lis Pendens

In their response to DLG Mortgage and Select Portfolio's motion, Plaintiffs offer no argument as to why the Court should not expunge the Lis Pendens. In fact, Plaintiffs fail to even address the issue of the Lis Pendens. Therefore, Plaintiffs concede that the Lis Pendens should be expunged and the Court orders the Lis Pendens expunged.

/
/
/
/
/
/
/
/

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that DLJ Mortgage and Select Portfolio's Motion to Dismiss (#19) is GRANTED.

IT IS FURTHER ORDERED that Greenpoint's Motion to Dismiss (#23) is GRANTED. As no claims remain, the Clerk of the Court is directed to close this case.

Dated: May 19, 2011.

_____
**ROGER L. HUNT**
**Chief United States District Judge**